STATE OF INDIANA EX REL. RIDGE *v.* JOHNSON,
TRUSTEE OF GILL SCHOOL TOWNSHIP OF SULLI-
VAN COUNTY, ETC. ET AL.

[No. 28,936.   Filed April 30, 1953.   Rehearing denied
June 9, 1953.]

*Earl S. Cummings,* of Sullivan, for appellant.

*Kenneth C. Miller,* of Brazil, *Will H. Hays, Hinkle C. Hays, John T. Hays, John S. Taylor, J. Olias Vanier, Garza Baldwin Jr., George E. Taylor, William P. Evans, William M. Evans* and *Hays & Hays,* all of Sullivan, for appellee.

FLANAGAN, J.—The questions involved are, (1) does §28-2807, Burns' 1948 Replacement, provide an exclusive procedure for the abandonment of a school township high school by a school township trustee, and, if it does not, (2) did the trustee in this particular case abuse his discretion in abandoning the high school here involved?

In Gill Township, Sullivan County, Indiana, there had been established and in operation two township high schools, one located at the town of New Lebanon, and the other at the town of Merom. At the beginning of the fall term of school for 1950, the township trustee abandoned the New Lebanon school and transferred its pupils to the Merom school. This action was brought by appellant to compel reopening of the abandoned school.

By §28-2410, Burns' 1948 Replacement, township trustees are given general powers over the educational affairs of their respective townships. The only limitation on their broad authority in this regard is that no graded high school shall be built "unless there are, at the time such house is built, at least twenty-five [25] common school graduates of school age residing in the township."

Section 28-2807, Burns' 1948 Replacement, provides that, upon petition of 60 per cent. of the resident taxpayers of the township, the trustee *shall* abandon any established high school. There is no provision in this statute, or elsewhere as far as we have discovered, that a trustee *may* not abandon an established high school without such petition.

We conclude that §28-2807, Burns' 1948 Replacement, does not abolish the power of the trustee in this regard.

The second question is whether the trustee abused his discretion.

The facts as found by the court, and which are not challenged on this appeal, show that the average daily attendance at the New Lebanon High School for the school year of 1949-1950 was 37 in number; that in the fall of 1949 residents of the township held a number of meetings discussing the feasibility of consolidating the two high schools; that a petition was circulated and signed by more than 51 per cent. of the resident freeholders of the township asking for a survey by the proper officials of Indiana University to determine the feasibility of such consolidation; that such survey was made by the Division of Research and Field Service of the School of Education of Indiana University; that on July 21, 1950, those making the survey made a report to the trustee in which attention was called to the fact that the population of Gill Township had been steadily falling from 2,120 in 1900 to 1,223 in 1940, that it probably would be only a matter of time until the State would close all high schools having an enrollment less than 100 to 150 pupils in grades nine to twelve, and recommended, among other things, that the New Lebanon High School be abandoned and its pupils be sent to the Merom High School.

In view of the above facts, we cannot find that the trustee abused his discretion.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 803.